# United States District Court
### Eastern District of California

FILED
Mar 21, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL COMPLAINT** |
| V. | |
| **DAMON D. ZEPEDA** | DOCKET: 6:22-MJ-00002-HBK |

I, Dillon J. O'Brien Law Enforcement Park Ranger, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In Yosemite National Park, in the Eastern District of California, **Damon D. ZEPEDA** did or was:

**Count 1:** Obtaining or exercising unlawful possession over the property of another with the purpose to deprive the owner of the property in violation of Title 36 Code of Federal Regulations § 2.30 (a)(1).
**Maximum penalty:** 6 months imprisonment and/or $5,000 fine

I further state I am a commissioned Law Enforcement Officer with the National Park Service. This complaint is based on the following facts and information observed by me and or provided to me by other National Park Service Law Enforcement Rangers.

On March 12, 2022 I received an email regarding BOLO (Be On the Look Out) information for Damon ZEPEDA. The email stated that officers J. McBrayer and S. Hesse spoke with T.K.C. about safety concerns regarding her husband, Damon ZEPEDA. The email stated T.K.C. filed a request for a protection order against ZEPEDA following a domestic violence incident that occurred outside of the park. T.K.C. stated she believed there was 50% chance that ZEPEDA would show up to the park.

On March 13, 2022 at approximately 1401 hours while on patrol within Yosemite National Park, I responded to a call at Curry Village for a report of a domestic disturbance. Yosemite Emergency Communications Center (YECC) advised that a male, Damon ZEPEDA, identity later confirmed by his California driver license, was banging on the door of the cabin where T.K.C. was staying and yelling. YECC advised that ZEPEDA had been separated from the building and had entered a red Subaru in the parking lot.

I arrived on scene and observed ZEPEDA standing at the open rear passenger door of the Subaru with approximately half of his body in the vehicle.

Speedy Trial Act Applies: **No**

U.S. v. Damon ZEPEDA
Criminal Complaint

ZEPEDA stated he came to the cabin with the intention of seeing his daughter. ZEPEDA stated he and A.P., later confirmed by his California driver license, got into a physical altercation prior to my arrival. A.P. stated he told ZEPEDA to get away from the cabin door and that police had been called. A.P. stated ZEPEDA puffed his chest out, got within approximately 4-6 inches of his face and stated "what are you gonna do about it?" A.P. stated he pushed ZEPEDA away from him twice because he felt threatened. A.P. stated that ZEPEDA then reached his hands toward his pants pockets. During a frisk of ZEPEDA, I retrieved an approximately 2.5-inch folding knife from his right pant pocket.

ZEPEDA stated he drove to the park in a red Nissan Titan, CA 7Z08559, that was parked in the Curry Registration parking. ZEPEDA stated the vehicle was not his, but that he had permission from the owner to drive the vehicle while they were out of town. I told ZEPEDA I would be conducting a check of his vehicle for weapons prior to allowing him to leave in the vehicle. I asked ZEPEDA if it was ok with him if I searched the whole vehicle. ZEPEDA replied "Yeah, that's fine." I asked ZEPEDA if I could search all the containers within the vehicle and if all the contents of the truck were his. ZEPEDA replied "Yeah. Yes, everything in there is mine."

While conducting the consent search of the vehicle I located the following items, a gray Macbook laptop in the front passenger seat, 3 gray soft sided fabric bins of baby clothes, a box of baby wipes, 2 green folders containing miscellaneous paperwork including T.K.C.'s tax documents from 2021 and 2022, T.K.C.'S temporary California driver's license and a check made out to T.K.C. in the amount of $100.

On March 13, 2022, Judge M. Fagalde granted an emergency protective order with ZEPEDA listed as the retrained person and T.K.C. listed as the protected person. Officer S. Obernesser served ZEPEDA the order.

ZEPEDA stated that he had items for his daughter that he wanted me to give to T.K.C.. I retrieved two bins of baby clothes and a base to a car seat from ZEPEDA. Upon giving the items to T.K.C. at her cabin, she stated the items had been taken from her car.

T.K.C. provided the following list of additional items she realized were missing from her vehicle: two $100 bills, a refurbished 13.3-inch MacBook Pro 2.4 GHz quad-core Inter Core i5 with retina display-space gray, a box of baby wipes, a bin of baby blankets, and paperwork regarding her assistance received from Tuolumne County Social Services. The $100 bills were taken from T.K.C.'s wallet located in the glovebox. The MacBook computer was taken from behind the driver seat. The baby items and documents were taken from the trunk of the vehicle.

I observed that the bins of clothing removed from ZEPEDA's vehicles were the same color, style and material as the bins remaining in T.K.C.'s vehicle. I observed the green folders containing documents in ZEPEDA's vehicle were the same color and style as a box of hanging folder files in T.K.C.'s vehicle. I observed the charger for a MacBook laptop inside T.K.C.'s vehicle.

Speedy Trial Act Applies: No                                    U.S. v. Damon ZEPEDA
                                                                Criminal Complaint

ZEPEDA stated he observed marijuana in T.K.C.'s vehicle. ZEPEDA stated he saw the marijuana inside of the center console. I asked ZEPEDA if he saw the marijuana when he entered the vehicle, ZEPEDA replied that he had.

ZEPEDA stated he intended to travel to El Portal to get gas for his vehicle after leaving the scene. Officer B. Vollmer spoke with E.B., a cashier at the El Portal market. Officer Vollmer showed E.B. a photo of ZEPEDA. E.B. stated he remembered ZEPEDA purchasing 2 $50 prepaid gas cards on March 13, 2022. E.B. retrieved a copy of the receipt which showed 2 $50 prepaid gas cards were purchased at 1659 hours and paid in $100 cash. E.B. stated he thought ZEPEDA paid in $50 bills.

T.K.C. provided a receipt for the refurbished 13.3-inch MacBook Pro 2.4 GHz quad-core Inter Core i5 with retina display-space gray showing that she paid $1,359.00 before tax for the item on May 27, 2020. T.K.C. is the only listed payor on the receipt.

Body worn camera footage and is available.

I declare under penalty of perjury the information which I have set forth above and on the face of this criminal complaint is true to the best of my knowledge.

3/18/2022
Date

Ranger: **Dillon J. O'Brien**
Law Enforcement Park Ranger
Yosemite National Park, CA

Sworn to before me and subscribed in my presence in Yosemite National Park, California.

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 before me this 18 day of (Month, Year).

March 18, 2022 @17:50
Date

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

Speedy Trial Act Applies: No

U.S. v. Damon ZEPEDA
Criminal Complaint